and we will go on to case number five which is Stern v. Meisner and it's appeal 1525 58 yes may I proceed please thank you thank you may it please the court my name is Robert Hennick I represent Micah Stern on this habeas appeal the although we raise other issues the central issue that I'd like to discuss today is a question of whether the Wisconsin Court of Appeals denied mr. Stern's due process right to fair notice by essentially expanding the scope of the statute for which he was convicted and then applying that retroactively to Stern mr. Stern was convicted under a Wisconsin statute that makes it illegal to use a computerized communication system to communicate with someone who the defendant either subjectively believes is a minor or objectively has reason to believe is a minor with intent to have sex with that person in violation of the Wisconsin statutes against child sexual assault let me just say at the outset that I found your argument very interesting but doesn't the reason to believe language make it pretty clear that the legislators intent that actual belief that the individuals under age is not required I mean it takes some gymnastics to avoid rendering that language surplus age under under your interpretation doesn't well actually no your honor and I'm and specifically we are not rendering it surplusage what our argument is is that the Court of Appeals rendered a different part of the statute surplusage there are two different there are two independent mens rea requirements in the statute the first is that the defendant either has to have a subjective actual belief or an objective reasonable for reason to believe that the person is under 16 the second and independent mens rea requirement is that the defendant in the second independent intent requirement is that the defendant act with the intent to have sex with that person not just have sex with that person but to have sex with that person in violation of the child sex assault laws now where our position comes from is that requirement that the intent be to have sex in violation of the child sex assault laws because first if the person that you are communicating with in fact is a child then your intent to have sex with that person necessarily meets that requirement however if the person you are communicating with is an adult intending to have sex with an adult is not intending to have sex in violation of the child sex assault statutes unless the defendant believes that the person is a child analogy the if you have an attempt to commit a child sexual assault and the only thing that makes it an attempt is that you believe that the person is a child that still is a valid attempt but if you have sex with someone and you believe them to be an adult and they in fact are an adult it doesn't matter whether the person says I'm only 14 if that person is an adult you have not committed attempted sexual assault of a child so are you proposing different tests for when the victim is an adult versus when it's a child because the statute doesn't make that distinction on its face right the statute does make its distinct the that the sex be intent to have sex in violation of the child sexual sexual assault statute that the statute there the statute for which Mr. Stern was convicted of does make the distinction through that if the legislature didn't intend there to be a distinction didn't intend that the person either be that you're communicating with either be a child or be an adult that you believe to be a child then this the legislature would have cut off the statute after the word sex or after saying you have to intend to have sex with that person the language in violation of section 948.02 has to have independent meaning the state Court of Appeals decision denies that provision that clause any independent meaning the state has never indicated what meaning that would have under its interpretation the Court of Appeals never indicated or never even referenced it and the warden here has never indicated how we can say this is plain meaning of the statute when you're taking a whole clause out of the statute and either ignoring it or excising it. I'm sorry. Yeah look couldn't the legislature be legitimately concerned about the exploitation of minors on the internet and for that reason condition criminal liability on the reason to believe in addition to actual belief I mean as you yourself argued in the brief one doesn't know who one is really communicating with on the internet and how old they are so why can't a legislature say when the circumstances give you reason to believe this is a minor that is hands-off period even if you're not sure he or she is a minor or even if you're skeptical about the age. Okay and the legislature perhaps could have done that subject to my second argument which is that if you are communicating with someone who in fact is an adult and you believe that person to be an adult it's a violation of Lawrence v. Texas and the due process right to consensual adult sexual privacy to make that illegal but sticking just with this first issue if we just ignore that that second issue the legislature perhaps could have done that but it didn't. It included this language in violation of the child sexual assault statutes that has to have meaning and the neither the state nor the Court of Appeals ever suggested what meaning that has under its analysis. The you have to intend to have sex not just with the individual but with the individual in violation of the child sexual assault laws. You can do that again in two ways. If you believe that the person you are communicating with is a child hands down that's a violation. If the person you are communicating with is a child and you have reason to believe that that person is a child doesn't matter that you think you might be an adult that is a violation that addresses the court's concern and the legislature's legitimate concern in protecting real children but what we have here is not a real child we have a sting operation where an adult is pretending to be a child. Here we have a defendant who explained at length at trial why he in fact believed that this however denied him any consideration by the jury of that defense. Now the legislature has every right to protect children. This is not a case of protecting children. They also have every right to make a determination that we want to protect children but we do not want to scoop up people who in fact correctly believe that they are communicating with adults another adult and in role-playing or whatever there may be a reason to believe the person is a child because they're pretending to be one but in fact they do not believe that. I see that I'm into my rebuttal time. If the court has no more questions I will hold the remainder of my time for rebuttal. Thank you. You're very welcome Your Honor. Okay. Ms. Schaffer. Hello. Good morning my name is Sarah. Is that okay? No. Do you need it up a bit? Don't worry. We're not going to. Use the button if you want it up. Yeah. Use the button. Just a little bit. Yeah. Okay. Good morning my name is Sarah Schaffer. I am an Assistant Attorney General for the state of Wisconsin and I represent the respondent in this case. Your Honor, Mr. Stern argues that the Court of Appeals construction of a statute violates his right to adult consensual adult sexual privacy because he actually believed he was communicating with an adult. The state disagrees and thinks that the district court should be affirmed for the following three main reasons briefly. Number one is his entire as applied argument assumes the credibility of his own testimony. It assumes that the jury believes that the Court of Appeals believe that this court believed he actually believed that Peter was an adult. This was a credibility determination for the jury and the jury with good reason found him incredible. They found him incredible because he admitted to the jury I lied repeatedly. I lied when I said I'd never had email correspondence with Peter. I lied when I said I'd never called Peter to meet in the McDonald's. The jury with good reason found him incredible. His actions and his words without question indicate that he knew or had reason to know that Peter was a minor. Number two, the fact that the jury believes that Peter was a minor is irrelevant because it does not negate the element that he has to either believe or reasonably believe that Peter was a minor. And finally number three, the Court of Appeals decision in this interpretation of his own state statute was reasonable, it was foreseeable, and it was not applied in a novel way. The reason to believe 948.075 is plain. It is violated when the actor either believes or has reason to believe the individual is underage. So do you think there's any tension in the statute between that section, the reason to believe language, and the intent to violate section 948.02? I don't. I think the reason that that language is in the the title of the statute, Use of Computer to Facilitate a Child Sex Crime, when it says in violation of 948.02 or 021, what it's basically doing I think is it's just showing the Wisconsin legislature has criminalized child sex crimes and this is where it's criminalized in the code under these statutes. So I don't think it's surplusage, I don't think it's, I just think that's all it's doing is showing this is the title of the statute, sex crimes, this is where it's criminalized in the code. So I don't see any kind of, I guess I disagree with counsel's argument that the Court of Appeals somehow disregarded that language in the statute. I take it that if a defendant actually knows the individual he is corresponding with is over 16, he would have no reason to believe otherwise. But apart from that scenario, it's your view, isn't it, that if he has reason to believe the individual is underage, that's enough to convict even if he doubts the individual is underage or suspects that he may not be? If the jury of filing said he had reason to believe, and in this case there was, I mean, they had all the evidence, they had the emails, they had, you know, the pictures of the MySpace, so the jury was presented with the email correspondence. So it had all this subjective evidence that with all this and with, you know, the act of actually meeting at McDonald's, there was reason to believe that Mr. Stern thought Peter was underage. That's all I do have for this court, unless there are any other questions. The state just relies on its brief. Thank you. Okay, thank you very much. All right, gosh, Mr. Henick has one minute. Okay. Credibility has always been for the jury, and credibility in this case, credibility of what the warden has alleged here as being controlling, was never decided by this jury because the instructions specifically told the jury that it wasn't necessary to go into what the defendant actually believed, because it was sufficient if there is reason to believe. So that whole issue is out. This is a general statute. The reason why we have elements and alternative elements in a general statute is because they address a wide range of potential circumstances. In this case, the statute addresses the potential where there is an actual child and where there is an adult who is pretending to be a child. And the reason why you have in the first mens rea requirement either actually believes or reason to believe is because we want to protect real children. But the second element, second mens rea element requiring that the sex be with intent to violate the child sex assault laws, is to distinguish between when someone is a child and when someone is an adult and the beliefs, and the beliefs are different. I see that my time is up. I thank the court. You weren't appointed, were you? No, I was not. Well, you have our thanks anyway, of course, as do you, Ms. Attorney General. All right, the case will be taken under advisement and thank you very much.